IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| OMEREGIE GUOBADIA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:24-CV-0019-N |
| | § | |
| LAKEVIEW LOAN SERVICING LLC, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

This Order addresses Defendant Lakeview Loan Servicing LLC's ("Lakeview")
motion for judgment on the pleadings for Plaintiff Omeregie Guobadia's claims [7].
Because Guobadia's allegations in his complaint do not amount to any claim for which
relief can be granted, the Court grants Lakeview's motion and dismisses Guobadia's claims
with prejudice.

## I. ORIGINS OF THE MOTION

This case arises from a dispute over foreclosure on a piece of real estate.  In 2021,
Guobadia executed a note and deed of trust and secured a loan against the piece of real
property at issue.  *See* Def.'s Exhibit A-2, A-3 [7-2, 7-3].  Lakeview is the mortgagee of
the loan.  *Id.*  Guobadia then defaulted on the terms of the loan, prompting Lakeview to
move for foreclosure in 2023.  *See* Def.'s Exhibit A-3.  Guobadia then declared bankruptcy.
Pl.'s Original Petition at ¶ 7 [1-5].  The bankruptcy court dismissed the bankruptcy
proceeding.  *Id.* at ¶ 8.  Guobadia then filed the present case in Texas state court.  Pl.'s
Original Petition.  Lakeview removed the case to federal court and now moves for

MEMORANDUM OPINION AND ORDER – PAGE 1

judgment on the pleadings, arguing that Guobadia has failed to state a claim for which relief could be granted.[1]   Def.'s Motion 1 [7].

## II.  LEGAL STANDARD UNDER RULE 12(C)

Rule 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings."   FED. R. CIV. P. 12(c).   A Rule 12(c) motion "is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts."   *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co*., 313 F.3d 305, 312 (5th Cir. 2002) (citation and internal quotation marks omitted).   A written document that is attached to the complaint as an exhibit is considered part of the complaint and may be considered.   *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007).   The Court may also consider documents attached to the motion.   *Kane Enterprises v. MacGregor (USA) Inc.*, 322 F.3d 371, 374 (5th Cir. 2003).   Finally, the Court may also take judicial notice of and consider matters of public record, such as documents filed in related proceedings.   *Knighton v. Univ. of Tex. at Arlington*, 2019 WL 13252502, at *1 (N.D. Tex. 2019).   The pleading standard for a Rule 12(c) motion is the same as for a motion to dismiss under Rule 12(b)(6).   *Doe v. MySpace, Inc*., 528 F.3d 413, 418 (5th Cir. 2008).

---

[1] Guobadia never filed a response to Lakeview's motion, nor did Guobadia respond when the Court inquired about the lack of response.

MEMORANDUM OPINION AND ORDER – PAGE 2

A viable complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  To meet this "facial plausibility" standard, a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  A court generally accepts well-pleaded facts as true and construes the complaint in the light most favorable to the plaintiff. *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 816 (5th Cir. 2012).  But a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal citations omitted).  "Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (internal citations omitted).

### III.  THE COURT GRANTS THE MOTION BECAUSE GUOBADIA HAS FAILED TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED

Upon reviewing the facts pleaded in Guobadia's complaint as well as the documents attached to the motion, the Court finds that Guobadia failed to provide sufficient facts to raise plausible claims for wrongful foreclosure, negligent misrepresentation, or injunctive relief.  Accordingly, the Court grants Lakeview's motion for judgment on the pleadings.

### A.  Guobadia Has Not Stated a Claim Under Texas Property Code § 51.002

Guobadia alleges that Lakeview violated Texas Property Code Section 51.002(d) by failing to provide proper notice that the loan was in default or opportunity for Guobadia to cure the default.  Pl.'s Original Complaint at ¶ 27–28.  Guobadia asserts this claim as a

MEMORANDUM OPINION AND ORDER – PAGE 3

violation of the Texas Property Code.  This is not a viable claim in Texas.  The Fifth Circuit has highlighted that courts have frequently determined that Section 51.002(d) does not provide an independent private cause of action.  *Rucker v. Bank of Am., N.A.*, 806 F.3d 828, 830 n.2 (5th Cir. 2015).  Instead, claims for violation of Section 51.002(d) typically must be asserted as wrongful foreclosure or breach of contract claims.  *See Anderson v. CitiMortgage, Inc.*, 2014 WL 2983366, at *5 (E.D. Tex 2014).  Guobadia has not asserted either claim here.

Even assuming that Guobadia had adequately alleged this conduct under a wrongful foreclosure or breach of contract claim, either claim still fails.  In Texas, the elements of a wrongful foreclosure claim are "(1) a defect in the foreclosure sale proceedings; (2) a grossly inadequate selling price; and (3) a causal connection between the defect and the grossly inadequate selling price."  *Biggers v. BAC Home Loans Servicing, LP*, 767 F.Supp.2d 725, 729 (N.D. Tex. 2011) (citing *Sauceda v. GMAC Mortg. Corp.*, 268 S.W.3d 135, 139 (Tex. App. — Corpus Christi 2008, no pet.)).  A claim for "wrongful foreclosure" is not available based merely on showing a defect in the foreclosure process; it is also necessary that there be an inadequate selling price resulting from the defect.  Texas courts have yet to recognize a claim for "attempted wrongful foreclosure."  *See Port City State Bank v. Leyco Constr. Co.*, 561 S.W.2d 546, 547 (Tex. Civ. App. — Beaumont 1977, no writ); *Peterson v. Black*, 980 S.W.2d 818, 823 (Tex. App. — San Antonio 1998, no pet.).  Because under Texas law an inadequate selling price is a necessary element of a wrongful foreclosure action, a foreclosure sale is a precondition to recovery.  *Biggers*, 767 F.Supp.2d at 730.  Guobadia has failed to plead sufficient facts to raise a reasonable inference that

MEMORANDUM OPINION AND ORDER – PAGE 4

Lakeview foreclosed on his property.  In fact, Guobadia expressly states in his complaint that the property has not yet been foreclosed on and seeks to prevent the foreclosure.  *See* Pl.'s Original Petition at ¶ 20.  Accordingly, Guobadia has not pleaded facts on an essential element of the claim of wrongful foreclosure.

Similarly, Guobadia cannot prevail on a claim for breach of contract.  Under Texas law, a claim for breach of a note and deed of trust must identify the specific provision in the contract that was breached.  *Williams v. Wells Fargo Bank, N.A.*, 560 F. App'x 233, 238 (5th Cir. 2014).  Guobadia has named no provision of the note or deed of trust that he alleges has been breached in his complaint.  Furthermore, in Texas, "it is a well-established rule that a party to a contract who is himself in default cannot maintain a suit for its breach." *Dobbins v. Redden*, 785 S.W.2d 377, 378 (Tex. 1990).  Guobadia has not alleged that he performed or is otherwise not in breach.  Courts have generally found that a plaintiff who defaulted on a note and deed of trust cannot bring an action for a mortgagee's subsequent breach in the foreclosure process.  *See, e.g., Mitchell v. Chase Home Finance*, 2008 WL 623395 (N.D. Tex. 2008); *Hill v. Wells Fargo Bank, N.A.,* 2012 WL 2065377, at *5 (S.D. Tex. 2012).  Because Guobadia has not alleged that he performed his own obligations under the note and deed of trust, he failed to plead an essential element of a contract claim in Texas, and thus he is precluded from bringing a breach of contract action for Lakeview's subsequent alleged failure to comply with its own obligations under their agreement.  Accordingly, even if the Court construes Guobadia's complaint as asserting a wrongful foreclosure or breach of contract claim, he failed to plead adequate facts in support of either.

**B. Guobadia Has Not Pleaded a Legally Viable Claim Under the Truth In Lending Act**

Guobadia alleges that Lakeview violated the Truth In Lending Act ("TILA") by failing to provide him with monthly mortgage statements after August 2023. Pl.'s Original Petition at ¶ 32. TILA requires mortgage loan servicers to "provide the consumer, for each billing cycle, a periodic statement" stating the status of the loan and notifying the consumer of any amounts due. *See* 12 C.F.R. § 1026.41. However, there are limited exceptions to this requirement. Per Section 1026.41(e)(5), a servicer is not required to send periodic statements if: (1) the borrower is a debtor in bankruptcy, and (2) one of four conditions is met. One of these conditions is that a "court enters an order in the bankruptcy case providing for the avoidance of the lien securing the mortgage loan, lifting the automatic stay pursuant to 11 U.S.C. 362 with regard to the dwelling securing the mortgage loan, or requiring the servicer to cease providing a periodic statement or coupon book." 12 C.F.R. § 1026.41(e)(5)(i). This exception has been met in this case. Guobadia is a debtor in bankruptcy. *See* Pl.'s Original Complaint at ¶ 7–9. The bankruptcy court lifted the automatic stay from the proceeding in August 2023. *Order Lifting Stay*, Def.'s Exhibit G. Accordingly, Lakeview was no longer obligated under TILA to send monthly statements regarding the mortgage after August 2023.

Because an exception applies, Lakeview is not in violation of TILA. Accordingly, Guobadia has not stated a claim under TILA as a matter of law.

**C. Guobadia Is Not Entitled to Injunctive Relief as a Matter of Law**

Guobadia is not entitled to injunctive relief as a matter of law. Injunctive relief is a remedy, not a stand-alone cause of action. *Van Der Linden v. Khan*, 535 S.W.3d 179, 203

MEMORANDUM OPINION AND ORDER – PAGE 6

(Tex. App.—Fort Worth 2017, pet denied).  To obtain injunctive relief, Guobadia must demonstrate: "(1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury if the injunction is not granted; (3) that the threatened injury to plaintiff outweighs any damage the injunction may cause to defendant, and (4) that the injunction will not disserve the public interest." *DSC Comms. Corp. v. DGI Techs, Inc.*, 81 F.3d 597. 600 (5th Cir. 1996).  Because the Court has dismissed all of Guobadia's substantive claims, he cannot show a substantial likelihood of success on the merits for his case, which means he cannot meet a key element of the test for entitlement to injunctive relief.  Therefore, Guobadia has no grounds for injunctive relief.

### CONCLUSION

Because Plaintiff Omeregie Guobadia failed to state a claim for which relief can be granted, the Court grants Lakeview's motion for judgment on the pleadings.  Guobadia has not sought leave to amend in response to the present motion.  Accordingly, no leave is granted.  Lakeview is entitled to judgment on the pleadings, and all of Guobadia's claims are dismissed with prejudice.

Signed July 30, 2024.

David C. Godbey

Chief United States District Judge

MEMORANDUM OPINION AND ORDER – PAGE 7